**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ALEKSANDR NIKITIN** | **CASE NO.  1:26-CV-01455 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ELEAZAR GARCIA ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a First Amended Petition for Writ of Habeas Corpus ("Amended Petition") [Doc. No. 14] filed by Petitioner, Aleksandr Nikitin ("Nikitin"). For the reasons set forth herein, Nikitin's Amended Petition is **DENIED**.

## I.   Background

Nikitin is a native and citizen of Russia who entered the United States near San Ysidro, California, on July 16, 2022.[1] Nikitin was issued a warrant for arrest, stating that he was "within the country in violation of the immigration laws and is therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act."[2] Shortly after his initial detention, Nikitin was released on his own recognizance.[3] Nikitin alleges that on or about October 8, 2025, ICE agents re-detained him and placed him into custody without prior written notice, opportunity to be heard, or any pre-deprivation hearing.[4] On November 4, 2025, an

---

[1] [Doc. No. 1, p. 3].
[2] [Id.].
[3] [Id.].
[4] [Doc. No. 14, p. 2, ¶ 27].

immigration judge ordered Nikitin be removed.[5] On December 16, 2025, he filed an appeal to the Board of Immigration Appeals, which remains pending.[6]

This matter comes before the Court following the Report and Recommendation of the Magistrate Judge.[7] Nikitin initially raised his new procedural due process claim in his reply brief rather than in his original petition.[8] In response, the Magistrate Judge instructed Nikitin that to have the claim considered, he "must file leave to file an amended petition or a separate proceeding if he seeks to raise a new claim/ground for relief."[9] Nikitin subsequently filed a motion for leave to amend petition,[10] which this Court granted[11] after adopting the Magistrate Judge's R&R denying and dismissing the original petition.[12] In his Amended Petition, Nikitin now claims that he was not provided with: advanced notice of the alleged grounds for re-detention, an opportunity to contest the re-detention before a neutral decisionmaker, or access to counsel prior to the deprivation of liberty.[13]

The issue is ripe for ruling.

---

[5] [Doc. No. 5-2].
[6] [Doc. No. 1-2]; [Doc. No. 5-4].
[7] [Doc. No. 7].
[8] [Id. at p. 7].
[9] [Id.].
[10] [Doc. No. 8].
[11] [Doc. No. 13].
[12] [Doc. No. 15].
[13] [Doc. No. 14, p. 2, ¶ 28].

## II.     Law and Analysis

### A.     Writ of Habeas Corpus Standard

"The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). "'It is well established" that these protections also apply to aliens. *See Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).

Congress authorizes district courts to grant "writs of habeas corpus . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). For the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### B.     Analysis

The Court agrees with the Magistrate Judge's Report and Recommendation, finding Nikitin is presently detained pursuant to § 1225(b)(2).[14] The statute states that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding

---

[14] [Doc. No. 7, p. 5].

under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). As the Fifth Circuit holds, any alien present in the country who entered without lawful admission is an "applicant for admission" pending resolution of their removal proceedings and subject to § 1225(b)(2)'s broad sweep. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (citing 8 U.S.C. § 1225(a)(1)). Therefore, Nikitin's detention is lawfully governed by § 1225(b)(2).

Nikitin argues he was detained and "was not provided with advanced notice of the alleged grounds for re-detention; an opportunity to contest the re-detention before a neutral decisionmaker; or access to counsel prior to the deprivation of liberty."[15] He also alleges that by re-detaining him without pre-deprivation notice or hearing, he was deprived of his liberty without constitutionally adequate procedures.[16] The Court finds that isn't so. While Nikitin was initially arrested and later released into the United States pending removal, his release was not an admission into the country, and he remains in the United States without admission. And aliens who are present in the country without admission have only those rights that Congress has afforded by statute. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139–40 (2020). This Court agrees aliens are entitled to due process of law in deportation proceedings, but the due process afforded by statute to Nikitin has been satisfied. *Demore v. Kim*, 538 U.S. 510, 523 (2003). Nikitin is currently detained under § 1225(b)(2) which simply states, "the alien shall be detained for a proceeding under section 1229a of this title," and does not afford the alien a bond hearing or other forms of process. 8

---

[15] [Doc. No. 14, p. 2, ¶ 28].
[16] [Id. at ¶ 31].

U.S.C. § 1225(b)(2). Congress specifically designated a removal proceeding under 1229a to "be the sole and exclusive procedure" for governing an alien's removal. *Id.* § 1229a(3). On November 4, 2025, Nikitin participated in the "sole and exclusive procedure" afforded to him by statute and was ordered removed by the immigration judge.[17] *Id.* Accordingly, the Court finds there is no procedural due process violation as Nikitin has enjoyed the procedural rights afforded by his detainment under § 1225(b)(2).

The Court declines to address Nikitin's claim that his re-arrest without notice was a violation of his due process after he was originally arrested and released on an Order of Recognizance, pursuant to 8 U.S.C. § 1226(a).[18] Under § 1226(b), there is no requirement of notice prior to revocation of parole, but rather the Attorney General may revoke parole "at any time." 8 U.S.C. § 1226(b). After revocation, the Attorney General may "rearrest the alien under the original warrant[] and detain the alien." *Id.* It is not necessary to decide whether Respondents adhered to the statutory requirements of § 1226(b) to revoke Nikitin's parole because his detention is authorized under § 1225(b)(2).[19] The Court "must avoid deciding a constitutional issue 'if there is also present some other ground upon which the case may be disposed of.'" *St. Joseph Abbey v. Castille*, 700 F.3d 154, 165 (5th Cir. 2012) (quoting *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring)).

---

[17] [Doc. No. 5-2].
[18] [Doc. No. 14].
[19] [Doc. No. 7, p. 7].

### III.    Conclusion

For these reasons,

**IT IS ORDERED**, **ADJUDGED**, **AND DECREED** that Petitioner, Aleksandr Nikitin's First Amended Petition for Writ of Habeas Corpus [Doc. No. 14] is **DENIED** and **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 15th day of July 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE